JACKSON LEWIS P.C.
CAROLYN G. BURNETTE (SBN 191294)
JAMES C. ANDERSON (SBN 296579)
400 Capitol Mall, Suite 1600
Sacramento, California  95814
Telephone:     (916) 341-0404
Facsimile:     (916) 341-0141
Email: *Carolyn.Burnette@jacksonlewis.com*
       *James.Anderson@jacksonlewis.com*

Attorneys for Defendant
JOHN F. OTTO, INC., DBA OTTO
CONSTRUCTION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT POST,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN F. OTTO, INC. (dba OTTO CONSTRUCTION); and DOES 1 through 20, inclusive,<br><br>                    Defendant. | CASE NO.<br><br>**DEFENDANT JOHN F. OTTO, INC. D/B/A OTTO CONSTRUCTION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ , 1331, 1441(a), and 1446 FEDERAL QUESTION JURISDICTION]**<br><br>[Filed concurrently with Civil Cover Sheet and Corporate Disclosure Statement]<br><br>Complaint Filed:     05.08.20<br>Trial Date:          TBA |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA:**

   **PLEASE TAKE NOTICE** that JOHN F. OTTO, INC. d/b/a OTTO CONSTRUCTION

("Defendant") hereby removes the below-referenced action from the Superior Court in the State

of California, in and for the County of Sacramento, to the United States District Court for the

Eastern District of California, Sacramento Division.  This removal is based on 28 U.S.C. §§ 1331,

1441(a), and 1446 and on the following grounds:

///

///

1

## SERVICE AND PLEADINGS FILED IN STATE COURT

1.     On or about May 8, 2020, BRETT POST ("Plaintiff") filed an action in the Superior Court of the State of California, in and for the County of Sacramento, entitled <u>Brett Post v. John F. Otto, Inc. (dba Otto Construction), and DOES 1 through 20, inclusive</u>, which was designated by that court as case number 34-2020-00278280 ("Complaint").  True and correct copies of the Summons, Complaint, Notice of Mandatory Case Management Conference, and Civil Case Cover Sheet are attached as **EXHIBIT A**.

2.     In his Complaint, Plaintiff alleges the following eight causes of action against Defendant:  (1) Violation of the California Family Rights Act ("CFRA"); (2) Violation of the Family Medical Leave Act ("FMLA"); (3) Interference with exercise of CFRA rights; (4) Interference with exercise of FMLA rights; (5) Retaliation for exercise of CFRA rights; (6) Retaliation for exercise of FMLA rights; (7) Wrongful Termination in Violation of Public Policy; and (8) Age Discrimination in Violation of California Government Code §§ 12900 *et seq*. (**EXHIBIT A**).

3.     On May 18, 2020, Plaintiff served the Complaint on Defendant with a Notice of Acknowledgment of Receipt pursuant to California Code of Civil Procedure section 415.30.

4.     On June 3, 2020, Defendant signed an Acknowledgment of Receipt of Plaintiff's Complaint and submitted it to Plaintiff that same day.

5.     On June 9, 2020, Defendant timely filed its Answer to the Complaint ("Answer") with the Superior Court of the State of California County of Sacramento ("Superior Court"), making a general denial as permitted by California Code of Civil Procedure § 431.30(d), and asserting various affirmative defenses.  A true and correct copy of the Answer filed by Defendant is attached as **EXHIBIT B** and incorporated herein by reference.  This Answer was deemed filed on June 9, 2020 pursuant to the Superior Court's Local Rule 1.16.

6.     Defendant is informed and believes that the aforementioned exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

///

///

Defendant John F. Otto, Inc. D/B/A Otto Construction's
Notice of Removal of Civil Action

*Brett Post v. John F. Otto, Inc., dba Otto Construction*
Case No. _____

**TIMELINESS OF REMOVAL**

7.      Defendant filed and served this Notice of Removal on or about June 11, 2020, which was within the thirty (30) day deadline after Defendant was served with a copy of the Complaint and within one (1) year after the state court action was filed.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-354 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means).  Thus, the Notice of Removal was filed within the time period provided by 28 U.S.C. § 1446.

**NOTICE TO ALL PARTIES AND STATE COURT**

8.      In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on all parties promptly and filed with the Clerk of Sacramento County Superior Court.  As a result, all procedural requirements under 28 U.S.C. § 1446 are satisfied.

**FEDERAL QUESTION**

9.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the action involves alleged violations of the laws of the United States.  Plaintiff specifically alleges that Defendant violated the Family and Medical Leave Act ("FMLA"), interfered with his FMLA rights and his exercise of those rights in violation of 29 U.S.C. § 2601 *et seq*.  (**EXHIBIT A**, Complaint ¶¶ 30, 44).  Plaintiff further alleges that Defendant retaliated against him in violation of the FMLA.  (**EXHIBIT A**, Complaint ¶ 58).  Because this Court has original jurisdiction, Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441(a)

10.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the remaining claims and issues alleged in the Complaint, as they all arise from the same nucleus of operative facts; i.e., the same case, controversy, transactions, and/or occurrences.  Like his FMLA claims, Plaintiff's remaining claims concern allegations regarding his employment with Defendant and the events leading to his termination.  Each of Plaintiff's claims would ordinarily be expected to be tried in a single judicial proceeding.

1

**VENUE IS PROPER**

2

11.     Venue lies in the United States District Court for the Eastern District of California

3

pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because this is the judicial district in which the

4

action arose, and the state action was filed in this district.

5

WHEREFORE, Defendant prays that the above action now pending against it in the

6

Superior Court of the State of California, County of Sacramento, be removed to this Court.

7

Dated: June 11, 2020                         JACKSON LEWIS P.C.

8

9

By: _____

10

CAROLYN G. BURNETTE
JAMES C. ANDERSON

11

Attorneys for Defendant
JOHN F. OTTO, INC., DBA OTTO

12

CONSTRUCTION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED

MAY 0 8 2020

By: ___M. Whitaker___
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
John F. Otto, Inc. (dba Otto Construction)
and Does 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Brett Post

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| CASE NUMBER: *(Número del Caso):* | 2020-00278280 |
| --- | --- |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
720 9th Street
Sacramento CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert C. Bowman 232388 LAW OFFICE OF BOWMAN & ASSOCIATES
3230 Ramos Circle (916) 923-2800
Sacramento, CA 95827

DATE: **MAY 8 2020**                    Clerk, by   **M. WHITAKER**   , Deputy
*(Fecha)*                               *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

CEB® Essential

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Robert C. Bowman 232388
LAW OFFICE OF BOWMAN & ASSOCIATES
3230 Ramos Circle
Sacramento, CA 95827
TELEPHONE NO.: (916) 923-2800    FAX NO.: (916) 358-8689
ATTORNEY FOR *(Name):* Brett Post

FOR COURT USE ONLY

FILED/ENDORSED

MAY 0 8 2020

By: ___M. Whitaker___
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento CA 95814
BRANCH NAME: Civil Division

CASE NAME: Post v. Otto

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2020-00278280 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Eight
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/5/2020

Robert C. Bowman Jr.
(TYPE OR PRINT NAME)                                ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CEB  Essential Forms  ceb.com | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|---|

Post, Brett

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)-Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the*
        *case involves an uninsured*
        *motorist claim subject to*
        *arbitration, check this item*
        *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or*
        *toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice-
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil*
        *harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer*
            *or wrongful eviction)*
        Contract/Warranty Breach-Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case-Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally*
        *complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal*
        *drugs, check this item; otherwise,*
        *report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ-Administrative Mandamus
        Writ-Mandamus on Limited Court
            Case Matter
        Writ-Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal-Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex*
        *case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-*
        *domestic relations)*
        Sister State Judgment
        Administrative Agency Award
        *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified*
        *above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-*
        *harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified*
        *above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief from Late
            Claim
        Other Civil Petition

CM-010 [Rev. July 1, 2007]   CED: Essential   **CIVIL CASE COVER SHEET**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**<br>STREET ADDRESS: 720 Ninth STREET<br><br>MAILING ADDRESS: 720 Ninth STREET<br><br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br><br>BRANCH NAME:    Gordon D Schaber Courthouse<br><br>PHONE NUMBER:    (916) 874-5522 | *FOR COURT USE ONLY* |

| | |
|---|---|
| **SHORT TITLE:**    Post vs. John F. Otto, Inc. | |

| | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2020-00278280-CU-WT-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 11/19/2020 in Department 31 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.

To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 05/12/2020

_Gerrit W. Wood_

Gerrit W. Wood, Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

**Superior Court of California, County of Sacramento**

720 Ninth Street
Sacramento, CA 95814-1311

### PAYMENT RECEIPT

Receipt #: 1026696

| Clerk ID: mwhitaker | Transaction No: 2174813 | Transaction Date: 05/12/2020 | Transaction Time: 12:43:07 PM |
| --- | --- | --- | --- |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
| --- | --- | --- | --- | --- | --- | --- |
| 34-2020-00278280-CU-WT-GDS | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | Total: | $435.00 | Total Rem. Bal: $0.00 |

Online Credit Card:  $435.00

Cardholder Name:  Brett Post
Credit Card Type:  Visa
Credit Card Number:  XXXXXXXXXXXX5600
Authorization Number:  012452

Cardholder Signature: _____

Total Amount Tendered:  $435.00

Change Due:  $0.00

Balance:  $0.00

## ORIGINAL

FILED/ENDORSED

MAY 0 8 2020

By: _M. Whitaker_
Deputy Clerk

ROBERT C. BOWMAN JR., (SBN: 232388)
robert@bowmanandassoc.com
**LAW OFFICES OF BOWMAN & ASSOCIATES**
*A Professional Corporation*
3230 Ramos Circle
Sacramento, CA 95827
T: (916) 923-2800
F: (916) 358-8689

Attorney for Plaintiff
BRETT POST

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

Case No: 34-2020-00278280

BRETT POST,

    Plaintiff,

    v.

JOHN F. OTTO, INC. (dba OTTO CONSTRUCTION); and DOES 1 through 20. inclusive,

    Defendant.

COMPLAINT FOR DAMAGES FOR:

1. **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA") (CAL. GOV. CODE § 12945.2)**
2. **VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") (29 U.S.C. § 2601 ET SEQ.)**
3. **INTERFERENCE WITH EXERCISE OF CFRA RIGHTS**
4. **INTERFERENCE WITH EXERCISE OF FMLA RIGHTS**
5. **RETALIATION FOR EXERCISE OF CFRA RIGHTS**
6. **RETALIATION FOR EXERCISE OF FMLA RIGHTS**
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
8. **AGE DISCRIMINATION IN VIOLATION OF CAL. GOV. CODE §§ 12900 ET SEQ.**

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff, BRETT POST, (hereinafter "Plaintiff"), and alleges the following:

### JURISDICTION

1.     Plaintiff is and at all times herein mentioned was a resident of the County of Sacramento, in the State of California.

2.     Defendant JOHN F. OTTO, INC. (D.B.A. OTTO CONSTRUCTION),

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

1  (hereinafter "Defendant"), and DOES 1 through 20, inclusive, is doing business in Sacramento

2  County in the State of California.

3    3. John F. Otto, Inc., (D.B.A. Otto Construction) is a construction company that

4  provides for both residential and commercial projects.

5    4. Plaintiff is ignorant of the true names and capacities of Defendant sued herein as

6  Does 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names.

7  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8  Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendant

9  is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries.

10    5. The unlawful practices complained of herein occurred in the Sacramento County,

11  State of California, as did the other acts complained of herein.

12

13         **ADMINISTRATIVE REMEDIES**

14    6. On or about March 23, 2020, Plaintiff duly presented a retaliation and

15  discrimination complaint against Defendant to the Department of Fair Employment and Housing

16  (hereinafter "DFEH") for the injuries, losses and damage suffered and incurred by him in reason

17  of the herein described occurrences, all within the requirement of California Government Code

18  § 12948.  DFEH issued a Right-to-Sue Notice to Plaintiff on March 23, 2020, DFEH matter

19  number 202003-09677723.  A true and correct copy of the Right-to-Sue Notice is attached as

20  Exhibit "A" and is incorporated herein by reference.

21

22         **FACTUAL BACKGROUND**

23    7. Plaintiff is a Caucasian male and sixty-two (62) years old.  Plaintiff has worked

24  for Defendant for over twenty (20) years starting back in 1998.  At the time of his termination,

25  Plaintiff was a Superintendent whose primary job duties included, but were not limited to, time

26  and labor management and safety procedures.

27    8. Defendant operates a business in California with at least fifty (50) employees

28  within seventy-five (75) miles of Plaintiffs office or work site.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

9.      On or about December 17 2019, Plaintiff went to his Orthopedic Surgeon, Dr. Guy Gilfoy with complaints of new pain. After x-rays and consultation, it was decided that a total knee replacement was needed to alleviate the pain in his left knee. The staff at his scheduling office would see when a surgery date and time would be available and notify Plaintiff.   On or about January 2, 2020, the doctor's office called and said that February 19, 2020 was available for surgery and confirmed that date with Plaintiff as it was seven (7) weeks out.

10.      Every Wednesday Defendant held an interior project meeting, and every Thursday Defendant held project meetings with the entire team. Plaintiff's supervisor is always present at the team meetings. On or about Wednesday, January 8, 2020, Plaintiff informed the President of the company (Carl Barrett) that he would need to be off for a few weeks for total knee replacement surgery. Defendant's response was that "he would see what he could do." Plaintiff, at Defendant's direction, informed the rest of his team of his upcoming 6-week absence for his knee surgery. At the meeting in which Plaintiff notified his team, there were six (6) employees, a Construction Manager, and Inspectors. Additionally, there were approximately four to six (4-6) employees of the City of Sacramento present. At this time, and at no time after did Plaintiffs supervisor or anyone else from the company inform Plaintiff of his rights under FMLA, nor offer him benefits under FMLA.

11.      On or about Thursday, January 9, 2020, at the entire team Project Meeting which consists of all persons above, the agenda, which was created and distributed by Defendant, included an agenda item regarding Plaintiff's time off for his upcoming surgery and the time off was discussed by Defendant to all persons present at the meeting. During this discussion, Defendant had stated Plaintiff would be coming back as soon as possible and that the President, (Barrett) would investigate and see if Plaintiff's position needed to be temporarily filled, or if the work could be completed by Plaintiff's assistant until Plaintiff's return. From this conversation with the entire team, Plaintiff reasonably believed the leave for his medical necessity was approved. At this time, and at no time after did Plaintiff's supervisor or anyone else from the company inform Plaintiff of his rights under FMLA, nor offer him benefits under FMLA.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

12.     Later that same date, January 9, 2020, Plaintiff received a text message on his cell phone from General Superintendent, Robert Ussery, stating he would be coming to Plaintiff's project site at 6:00 am the next morning (January 10, 2020).

13.     On January 10, 2020 at approximately 6:15am, both Superintendent Ussery and President Barret arrived at the project site and informed Plaintiff that he was being terminated and he would need to return all company property on Monday.  Plaintiff immediately returned the company keys to Defendant and he received his check at that time, which he signed for. Plaintiff returned the company vehicle as directed on Monday, January 13, 2020.  At the time of Plaintiffs termination, he was entitled to benefits under FMLA.  Plaintiff believes his termination was for requesting the leave for which he was entitled.

14.     Later that week, beginning January 13, 2020, upon termination, Plaintiff learned the position from which he was just terminated, was filled by Forrest Stuckey, a much younger male than Plaintiff was.

15.     Plaintiff had his surgery on February 19, 2020 as scheduled. Plaintiff has completed his six-week recovery period. As of this date, Plaintiff has not been offered his position back by Defendant.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### (Against All Defendant)

16.     As a first, separate and distinct cause of action, Plaintiff complains against Defendant, and each of them and for cause of action alleges:

17.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

18.     The California Family Rights Act ("CFRA") provides that an employer must reinstate an eligible employee on an approved CFRA leave to said employee's same position, or a comparable position, upon the termination of said employee's leave.

19.     Defendant was and is a covered employer under CFRA, Government Code

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

§ 12945.2(c)(2)(A).  At all times herein relevant, Plaintiff was an eligible employee on an approved CFRA leave for needed treatment for a medical condition and the fact that he was an employee of Defendant. Plaintiff worked for Defendant longer than twelve (12) months and has worked more than one-thousand two-hundred and fifty (1,250) hours in the last twelve months.

20.     Defendant violated the CFRA by terminating Plaintiff's employment immediately upon approving his FMLA leave, then refusing to reinstate Plaintiff at the end of the leave

21.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of the Defendant' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

22.     As a further direct and proximate result of these Defendant' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

23.     In engaging in the conduct alleged herein, these Defendant, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the Defendant intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be made against Defendant in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

24.     Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code § 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code § 12965(c).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

### (Against All Defendant)

25.     As a second, separate and distinct cause of action, Plaintiff complains against Defendant, and each of them and for cause of action alleges:

26.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

27.     The Family Medical Leave Act ("FMLA") provides that an employer must reinstate an eligible employee on an approved FMLA leave to said employee's same position, or to an equivalent position, upon the termination of said employee's leave.

28.     Defendant were and are a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A).  At all times herein relevant, Plaintiff was an eligible employee on an approved leave for needed treatment for a medical condition and the fact that he was an employee of Defendant. Plaintiff worked for Defendant longer than twelve (12) months and has worked more than one-thousand two-hundred and fifty (1,250) hours in the last twelve months.

29.     Plaintiff was on approved FMLA leave by Defendant and he was approved due to his serious medical condition, of which Defendant was aware and leaving Plaintiff unable to perform the functions of his position as covered under 29 U.S.C. § 2612 (a)(1)(A),(D).

30.     Defendant violated the FMLA, by terminating Plaintiff's employment immediately upon approving his FMLA leave and refusing to reinstate him upon completion of the medical leave.

31.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered damages in an amount equal to six (6) week, and a maximum of twelve (12) weeks, of wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i).  Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendant did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA.  Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

32.     Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT
### INTERFERENCE WITH EXERCISE OF FAMILY LEAVE RIGHTS
#### (Against All Defendant)

33.     As a third, separate and distinct cause of action, Plaintiff complains against Defendant, and each of them and for cause of action alleges:

34.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

35.     The CFRA requires the employer to guarantee the eligible employee the same or a comparable position upon the termination of the leave.  Plaintiff is an eligible employee under the CFRA.

36.     Defendant interfered with Plaintiff's rights under the CFRA by terminating Plaintiff immediately upon being notified of, and approving his leave for surgery and recovery.

37.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of the Defendant' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

38.     As a further direct and proximate result of these Defendant' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

39.     In engaging in the conduct alleged herein, these Defendant, and each of them,

1  acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with

2  conscious disregard for his known rights and with the intention of causing, and/or willfully

3  disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the

4  Defendant intended to and did vex, injury, and annoy Plaintiff.  Therefore, an assessment of

5  punitive damages should be made against Defendant in an amount sufficient to punish them and

6  to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

7        40.    Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to

8  California Government Code § 12965(b).

9        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

10

11              **FOURTH CAUSE OF ACTION**

12       **VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

13   **INTERFERENCE WITH EXERCISE OF FAMILY LEAVE RIGHTS**

14              **(Against All Defendant)**

15        41.    As a fourth, separate and distinct cause of action, Plaintiff complains against

16  Defendant, and each of them and for cause of action alleges:

17        42.    Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 40

18  of this Complaint as though fully set forth herein.

19        43.    The FMLA provides that an employer must provide an eligible employee with up

20  to twelve (12) work weeks of leave to recover from a medical condition under 29 U.S.C. § 2612

21  (a)(1)(A),(D).  Plaintiff is an eligible employee under the FMLA.

22        44.    Defendant interfered with Plaintiff's rights under the FMLA, by terminating his

23  employment immediately upon approving his FMLA leave and then refusing to reinstate him at

24  the termination of leave.

25        45.    As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered

26  damages in an amount equal to six (6) week, and a maximum of twelve (12) weeks, of wages or

27  salary under 29 U.S.C. § 2617(a)(1)(A)(i).  Plaintiff is also entitled to liquidated damages under

28  29 U.S.C. § 2617(a)(1)(A)(iii) as Defendant did not act in good faith and had no reasonable

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

1  grounds for believing they were not violating the FMLA. Plaintiff is entitled to appropriate

2  equitable relief, including employment, reinstatement and promotion under 29 U.S.C.

3  § 2617(a)(1)(B).

4       46.     Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29

5  U.S.C. § 2617(a)(1)(A)(3).

6       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

7

8                          **FIFTH CAUSE OF ACTION**

9       **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT - RETALIATION**

10                          **(Against All Defendant)**

11      47.     As a fifth, separate and distinct cause of action, Plaintiff complains against

12  Defendant, and each of them and for cause of action alleges:

13      48.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 46

14  of this Complaint as though fully set forth herein.

15      49.     The CFRA also makes it unlawful for an employer to discriminate against or

16  retaliate against an employee who exercises his right to family care leave.  Government Code

17  § 12945.2(1) ("It shall be an unlawful employment practice for an employer to refuse to hire, or

18  to discharge, fine, suspend, expel, or discriminate against, and individual because of . . . [a]n

19  individual's exercise of the right to family care and medical leave."); *see also* 2. Cal. Code Regs.

20  § 11089(a)(2).  Plaintiff is an eligible employee under the CFRA.

21      50.     Defendant retaliated against Plaintiff because he exercised his rights under the

22  CFRA by terminating his employment immediately upon approving his FMLA leave and failing

23  to reinstate him at the termination of the leave.  There was never any previous mention of

24  termination or disciplinary action, and immediately upon approving Plaintiff's FMLA leave,

25  Plaintiff was terminated.

26      51.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered

27  special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an

28  amount according to proof at the time of trial.  As a further direct and proximate result of the

Brett Post v. John F. Otto, Inc. (dba Otto Construction)
Complaint

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

1  Defendant' conduct, Plaintiff will suffer additional special damages in the form of lost future

2  earnings, benefits, and/or other prospective damages in an amount according to proof at the time

3  of trial.

4      52.    As a further direct and proximate result of these Defendant' conduct, Plaintiff has

5  suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in

6  amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the

7  time of trial.

8      53.    In engaging in the conduct alleged herein, these Defendant, and each of them,

9  acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with

10  conscious disregard for his known rights and with the intention of causing, and/or willfully

11  disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the

12  Defendant intended to and did vex, injury, and annoy Plaintiff.  Therefore, an assessment of

13  punitive damages should be made against Defendant in an amount sufficient to punish them and

14  to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

15      54.    Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to

16  California Government Code § 12965(b), and appropriate and effective equitable or injunctive

17  relief pursuant to California Government Code § 12965(c).

18      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

19

20  ## SIXTH CAUSE OF ACTION

21  ## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT - RETALIATION

22  ### (Against All Defendant)

23      55.    As a sixth, separate and distinct cause of action, Plaintiff complains against

24  Defendant, and each of them and for cause of action alleges:

25      56.    Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 54

26  of this Complaint as though fully set forth herein.

27      57.    The FMLA also makes it unlawful for an employer to discriminate against or

28  retaliate against an employee who exercises his right to family care leave.  29 U.S.C.

§ 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.")  Plaintiff is an eligible employee under the FMLA.

58.     Defendant retaliated against Plaintiff because he exercised his rights under the FMLA, by terminating his employment immediately upon approving his FMLA leave then refusing to reinstate him upon termination of the leave.  There was never any previous mention of termination or disciplinary action, and immediately upon approving Plaintiffs FMLA leave, Plaintiff was terminated.

59.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered damages in an amount equal to six (6) week, and a maximum of twelve (12) weeks, of wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i).  Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendant did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA.  Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

60.     Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendant)

61.     As a seventh, separate and distinct cause of action, Plaintiff complains against Defendant, and each of them and for cause of action alleges:

62.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

63.     California law prohibits an employer from terminating an employee in violation of fundamental public policies.  California and Federal law maintain fundamental public policies prohibiting discrimination on the basis of retaliation against employees who engage in protected activity, and permitting employees to take family care leave for a serious health or medical condition.  These fundamental public policies are codified under, *inter alia*, California Government Code § 12945.5, California Labor Code § 1102.5, Article I, Section 8 of the California Constitution, 29 U.S.C. § 2615, and 42 U.S.C. § 2000e.

64.     Defendant violated all of these fundamental public policies in terminating Plaintiff's employment.

65.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of the Defendant' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

66.     As a further direct and proximate result of these Defendant' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

67.     In engaging in the conduct alleged herein, these Defendant, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the Defendant intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be made against Defendant in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**AGE DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODES**

**§§ 12900 et Seq. and 12940 et Seq.**

**(Against All Defendant)**

68.     As an eighth, separate and distinct cause of action, Plaintiff complains against Defendant, and each of them and for cause of action alleges:

69.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

70.     At all times mentioned in this Complaint, the Fair Employment and Housing Act (FEHA) and California Government Codes §§ 12940 et seq., were in full force and effect and binding on the Defendants.  The FEHA prohibits an employer from taking any adverse action against a protected individual based on his or her: race; religious creed; color; national origin; ancestry; physical or mental disability; medical condition; marital status; sex; sexual orientation; age (if 40 or over); or pregnancy, childbirth or related medical conditions of any female employee. The statements and conduct on the part of the Defendants complained of herein represent a violation of the Fair Employment and Housing Act, specifically California Government Codes §§ 12940 et seq.  Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter.  See Exhibit "A" attached hereto.

71.     Plaintiff is a member of a protected class (over the age of 40) within the meaning of the previously mentioned Government Code sections.

72.     Defendant terminated Plaintiff.  At the time of his termination, Plaintiff was sixty-two (62) years old.

73.     Plaintiff is informed, believes and thereon alleges that the employee hired to undertake Plaintiff's position is of a younger age than Plaintiff is.

74.     Plaintiff believe and thereon alleges that his age was a factor in Defendant' actions, including the discrimination as set forth.  Such discrimination is in violation of Government Code §§ 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged

herein.

75.     As a direct and proximate result of the Defendant' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of the Defendant' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

76.     As a further direct and proximate result of these Defendant' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

77.     In engaging in the conduct alleged herein, these Defendant, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, the Defendant intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be made against Defendant in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial of all issues by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendant as follows:

1.     For special damages, including, but not limited to, lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial, all in an

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

1   amount set forth above and/or according to proof at the time of trial;

2          2.      For further special damages, including, but not limited to, lost future

3   earnings, benefits, and other prospective damages in an amount set forth above and/or

4   according to proof at the time of trial;

5          3.      For general damages in an amount set forth above and/or according to proof

6   at the time of trial;

7          4.      For punitive and exemplary damages in an amount according to proof at the

8   time of trial;

9          5.      For liquidated damages in an amount according to proof at the time of trial;

10         6.      For incidental and consequential damages according to proof at time of trial;

11         7.      For prejudgment interest at the highest possible rate from the earliest possible

12  date;

13         8.      For costs of suit and reasonable attorney's fee herein incurred, and;

14         9.      For such other and further relief as the Court may deem just and proper.

15

16

17  Dated:  5/5/2020              **LAW OFFICES OF BOWMAN & ASSOCIATES**

18                               *A Professional Corporation*

19

20                               By: _Robert C. Bowman_
                                 Robert C. Bowman, Jr., Esq.

21                               Attorney for Plaintiff Brett Post

22

23

24

25

26

27

28

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3230 RAMOS CIRCLE
Sacramento, CA 95827

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 23, 2020

Chad Bowman
1024 Iron Point Rd., Suite 100-1414
Folsom, CA 95630

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202003-09677723
Right to Sue: Post / John F. Otto Inc, DBA Otto Construction

Dear Chad Bowman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 23, 2020

RE: **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 202003-09677723
     Right to Sue: Post / John F. Otto Inc, DBA Otto Construction

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 23, 2020

Brett Post
6478 Deer Canyon Court
Placerville, California 95667

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 202003-09677723
     Right to Sue: Post / John F. Otto Inc, DBA Otto Construction

Dear Brett Post,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 23, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Brett Post                                        DFEH No. 202003-09677723

                              Complainant,

vs.

John F. Otto Inc, DBA Otto Construction
1717 2nd Street
Sacramento,  95811

                              Respondents

1. Respondent **John F. Otto Inc, DBA Otto Construction**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Brett Post**, resides in the City of **Placerville** State of **California.**

3. Complainant alleges that on or about **February 19, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people) and as a result of the discrimination was terminated, reprimanded, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, reprimanded.

Date Filed: March 23, 2020

1   **Additional Complaint Details:** On or about December 17th 2019 I went to my
Orthopedic Surgeon, Dr. Guy Gilfoy with complaints of knee pain. After x-rays and
2   consultation it was decided that a total knee replacement was needed to alleviate
the pain in my left knee. The staff at his scheduling office would see when a surgery
3   date and time would be available and notify me.

4       The office called and a date of march 23rd was available but they would try and do
better for a date. I agreed and decided to not to tell my employer until a date was
5   firmed up from the doctor. Then on or about January 2nd the office called and said
that February 19th was available for surgery and confirmed that was a good date for
6   me since it was 7 weeks out from then.

7       At our project site we have interior project meetings every week on Wednesdays
and project meetings for the entire team on Thursdays. My boss was at those
8   meetings. The next Wednesday, January 8th would be a good time to inform my
boss, the president of the company that I would need to be off for a few weeks for
9   total knee replacement surgery. I explained to him after our Wednesday meeting
about 10:00am and he said he would see what he could do. I asked if he wanted me
10   to inform the rest of the team of my upcoming absence and he said "yes". I went
back to the office trailer and explained to the rest of the team that I would be off for 6
11   weeks or so for surgery. The team consists of our team of 6 Otto Construction
people and a construction manager and inspector of about 3 on site. There is also
12   the City of Sacramento people which is usually about 4-6 people. I explained to the
interior people, Otto construction and the Construction Manager's team on
13   Wednesday after speaking with our president Carl Barrett on the morning of January
8th.
14
        On Thursday's we have the whole team for meetings at 10:00 which consist of
15   the City and our team, the Construction Managers and the onsite Inspector. Usually
about 10-12 people. We have a meeting agenda and after I spoke with the
16   Construction Manager's my time off was included into the agenda. At the end of the
meeting and agenda upcoming holidays and time off is explained and my time was
17   included in this and we discussed my time off for surgery with all the attendees. It
was decided that I would come back as soon as possible and that the President,
18   Carl was investigating if we would need a fill in for me or could my assistant take
care of the job in my absence and he would get back to the team.
19
        On that same Thursday I received a text from my General Superintendent Robert
20   Ussery, stating he would be by the project at 6:00am on Friday, the 10th. The next
day about 6:15 he showed up with Carl Barret and explained that I was being
21   terminated and that I would need to return my keys to the office and my phone now
and my work truck on Monday.  I returned the keys then, signed for them and
22   received my check and unloaded the company vehicle over the weekend and
returned it early Monday morning before work.
23
        On the next week I learned that I was replaced by Forrest Stuckey as
24   Superintendent, a much younger man. I haven't spoken to anyone since.

25

26

27

28   Date Filed: March 23, 2020

1    I have had my  total knee replacement surgery on February 19th and I am
2  currently in physical therapy.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Date Filed: March 23, 2020

1 │ VERIFICATION

2 │ I, **Chad Bowman**, am the **Other** in the above-entitled complaint.  I have read the

3 │ foregoing complaint and know the contents thereof.  The same is true of my own
   │ knowledge, except as to those matters which are therein alleged on information and

4 │ belief, and as to those matters, I believe it to be true.

5 │ On March 23, 2020, I declare under penalty of perjury under the laws of the State of
   │ California that the foregoing is true and correct.

6 │

7 │                                                           **Sacramento, California**

8 │

9 │

10 │

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │                                          -4-

27 │                        *Complaint – DFEH No. 202003-09677723*

28 │ Date Filed: March 23, 2020

Case 2:20-cv-01174-JAM-AC   Document 1   Filed 06/11/20   Page 35 of 42

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Robert C. Bowman                    232388<br>LAW OFFICE OF BOWMAN & ASSOCIATES<br>3230 Ramos Circle<br>Sacramento, CA 95827<br>TELEPHONE NO.: (916) 923-2800    FAX NO.(Optional): (916) 358-8689<br>E-MAIL ADDRESS (Optional): robert@bowmanandassoc.com<br>ATTORNEY FOR (Name): Brett Post | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento CA 95814
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Brett Post

DEFENDANT/RESPONDENT: John F. Otto, Inc. (dba Otto Construction)

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>34-2020-00278280 |
|---|---|

TO (insert name of party being served): John F Otto dba Otto Construction

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 5/18/2020

Constance Rozier
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):
   Notice of Case Management Conference and Order to Appear
   Civil Case Cover Sheet

---

*(To be completed by recipient)*:

Date this form is signed:

_____               ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Post, Brett

# EXHIBIT B

JACKSON LEWIS P.C.
CAROLYN G. BURNETTE (SBN 191294)
JAMES C. ANDERSON (SBN 296579)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:    (916) 341-0404
Facsimile:    (916) 341-0141
Email: *Carolyn.Burnette@jacksonlewis.com*
          *James.Anderson@jacksonlewis.com*

Attorneys for Defendant
JOHN F. OTTO, INC., DBA OTTO
CONSTRUCTION

RECEIVED
DROP BOX

2020 JUN -9 PH 1:58

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| BRETT POST,<br><br>      Plaintiff,<br><br>    v.<br><br>JOHN F. OTTO, INC. (dba OTTO CONSTRUCTION); and DOES 1 through 20, inclusive,<br><br>      Defendant. | Case No. 34-2020-00278280<br><br>**DEFENDANT JOHN F. OTTO, INC. D/B/A OTTO CONSTRUCTION'S ANSWER TO PLAINTIFF BRETT POST'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  05.08.20<br>Trial Date:       TBA |

# BY FAX

JOHN F. OTTO, INC. d/b/a OTTO CONSTRUCTION ("Defendant") hereby answers

BRETT POST'S ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and

specifically, each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint and to the various causes

of action thereof, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fail to

state facts sufficient to constitute a cause of action against Defendant.

1

**SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Complaint, and each purported cause of action therein, is subject to binding arbitration, this entire action should be transferred to binding arbitration and the action should then be dismissed or stayed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

Any damages for alleged discrimination and/or retaliation must be barred or reduced under the doctrine of avoidable consequences because:  (1) Defendant exercised reasonable steps to prevent and correct any workplace conduct alleged to be unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm Plaintiff allegedly suffered.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claims for emotional distress and other injuries are barred in whole or in part by the exclusive remedy provisions of the California Workers' Compensation Act (see California Labor Code section 3600 et. seq.).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each purported cause of action alleged therein are barred because all actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory or non-retaliatory business reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each purported cause of action alleged therein are barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff were job related for the positions in question and consistent with business necessity.

///

2

1

### EIGHTH AFFIRMATIVE DEFENSE

2    Defendant cannot be held liable for any conduct alleged in the Complaint to the extent the

3   individuals who allegedly engaged in the conduct against Plaintiff were not acting within the course

4   and scope of their employment or agency.

5

### NINTH AFFIRMATIVE DEFENSE

6    Plaintiff's purported First, Third, Fifth, and Eighth Causes of Action are barred in whole or

7   in part by the applicable statutes of limitations including, but not limited to, California Government

8   Code section 12960(d) and 12965(b).  Plaintiff's purported Second, Fourth, and Sixth Causes of

9   Action are barred by the applicable statutes of limitations including, but not limited to, 29 U.S.C.

10   2617(c).  Plaintiff's purported Seventh Cause of Action is barred by the applicable statutes of

11   limitations including, but not limited to, California Code of Civil Procedure section 335.1.

12

### TENTH AFFIRMATIVE DEFENSE

13    Plaintiff's Complaint and each purported cause of action alleged therein are barred by the

14   doctrine of unclean hands.

15

### ELEVENTH AFFIRMATIVE DEFENSE

16    Plaintiff's Complaint and each purported cause of action alleged therein are barred by the

17   doctrine of waiver.

18

### TWELFTH AFFIRMATIVE DEFENSE

19    Plaintiff is barred from recovering any damages for lost wages, benefits and compensation

20   of any kind, or such damages must be reduced, to the extent Plaintiff failed to exercise reasonable

21   diligence to mitigate his alleged damages.

22

### THIRTEENTH AFFIRMATIVE DEFENSE

23    Defendant is entitled to a set off for any amounts of benefits and other payments Plaintiff

24   received to cover or mitigate his alleged losses, including, but not limited to, anything received in

25   connection with workers' compensation and/or other disability-related payments.

26   ///

27   ///

28   ///

DEFENDANT JOHN F. OTTO, INC. D/B/A OTTO CONSTRUCTION'S ANSWER TO PLAINTIFF
BRETT POST'S COMPLAINT FOR DAMAGES

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2    Plaintiff's Complaint and each purported cause of action alleged therein are barred in whole

3 or in part to the extent Plaintiff failed to exhaust his administrative remedies under the California

4 Fair Employment and Housing Act, Government Code sections 12960 and 12965.

5

**FIFTEENTH AFFIRMATIVE DEFENSE**

6    Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is

7 barred in whole or in part by Labor Code sections 2854 and 2856 in that Plaintiff failed to use

8 ordinary care and diligence in the performance of his duties and failed to comply substantially with

9 the reasonable directions of his employer.

10

**SIXTEENTH AFFIRMATIVE DEFENSE**

11    As to Plaintiff's Eight Cause of Action, assuming, *arguendo* it is found that Defendant's

12 actions were motivated by both discriminatory and non-discriminatory reasons, the non-

13 discriminatory reasons, standing alone, would have induced Defendant to make the same decision(s)

14 with respect to Plaintiff's employment and termination for legitimate, non-discriminatory reasons.

15

**PRAYER**

16    WHEREFORE, Defendant prays for judgment as follows:

17   1.  That Plaintiff take nothing by the Complaint;

18   2.  That Plaintiff's Complaint be dismissed in its entirety with prejudice;

19   3.  That Plaintiff be denied each and every demand and prayer for relief contained in

20     the Complaint;

21   4.  For costs of suit incurred herein, including reasonable attorneys' fees; and

22   5.  For such other and further relief as the Court deems just and equitable.

23 Dated: June 9, 2020      JACKSON LEWIS P.C.

24

25           By:_____

26             CAROLYN G. BURNETTE
             JAMES C. ANDERSON

27           Attorneys for Defendant
           JOHN F. OTTO, INC., DBA OTTO
28           CONSTRUCTION

4

1

## PROOF OF SERVICE

2

   I am employed in the County of Sacramento, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

3

4

   On June 9, 2020, I served the within:

5

**DEFENDANT JOHN F. OTTO, INC. D/B/A OTTO CONSTRUCTION'S ANSWER TO PLAINTIFF BRETT POST'S COMPLAINT FOR DAMAGES**

6

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

7

8

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

9

10

☐ **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

11

12

13

☒ **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by General Logistics Systems ("GLS") or delivering to an authorized courier or driver authorized by GLS to receive documents, addressed as set forth below.

14

15

16

☒ **ELECTRONIC MAIL -** by forwarding a true and correct copy thereof by e-mail from e-mail address *elaine.blizzard@gmail.com* to the person(s) at the e-mail address(es) set forth below.

17

18

                                                **ATTORNEYS FOR PLAINTIFF**

19

Robert C. Bowman, Jr., Esq.
Law Offices of Bowman & Associates          T: 916-923-2800
3230 Ramos Circle                           F: 916-358-8689
Sacramento, CA  95827

robert@bowmanandassoc.com

20

21

22

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 9, 2020 at Sacramento, California.

23

24

25

                                                Elaine M. Blizzard

26

27

28

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California.  I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On June 11, 2020, I served the foregoing document described as:

**DEFENDANT JOHN F. OTTO, INC. D/B/A OTTO CONSTRUCTION'S
NOTICE OF REMOVAL OF CIVIL ACTION**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☐ **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Golden State Overnight Delivery Services or delivering to an authorized courier or driver authorized by Golden State Overnight Delivery Services to receive documents, addressed as set forth below.

☒ **E-MAIL OR ELECTRONIC TRANSMISSION** - Based on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address elaine.blizzard@jacksonlewis.com to the persons at the e-mail address(es) listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Robert C. Bowman, Jr., Esq.<br>Law Offices of Bowman & Associates<br>3230 Ramos Circle<br>Sacramento, CA  95827 | **ATTORNEYS FOR PLAINTIFF:**<br><br>Telephone:      916.923.2800<br>Facsimile:       916.358.8689<br>robert@bowmanandassoc.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 11, 2020 at Sacramento, California.

_____
Elaine M. Blizzard